## Divine *vs.* McCormick.

On a sale of provisions for domestic use, the vendor is bound to know that they are sound and wholesome, at his peril.

To render a vendor liable on an implied warranty upon a sale of provisions, they must be sold for domestic use, or immediate consumption.

Where it was proved that the plaintiff bought of the defendant a heifer for beef, telling the latter that he was going to kill it the next day, and it nowhere appeared that the plaintiff was a butcher, or was buying to sell again; *Held,* that the fair inference from the testimony was, that the plaintiff bought the heifer for immediate consumption.

If one selling an animal to another, knowing that the latter buys it for immediate consumption, intending to slaughter the same very soon, is aware or has reason to suspect that the animal is in a diseased and unwholesome condition, but the disease is not visible externally, he is bound to disclose the fact, to the purchaser.

Divine *v.* McCormick.

THIS action was originally commenced before a justice of the peace. The complaint alleged that the defendant, in September, 1863, wrongfully and wilfully sold to the plaintiff a heifer, three or four years old, as provisions, to be killed and used for beef, for which the plaintiff paid him the sum of $14.33 ; that at the time of such sale said heifer was diseased and unfit to kill for beef, and was unwholesome and diseased provisions, and entirely worthless.

The answer was a general denial of the complaint.

Upon the trial, evidence was given showing that in September, 1863, the plaintiff bought of the defendant a heifer two or three years old, which the plaintiff told the defendant he was going to kill the next day ; that when the heifer was butchered, she was found to be diseased and rotten in the kidneys, a quart of corrupted matter being discharged from that part of the body, when the heifer was butchered, the next day. The disease was not visible, externally.

No evidence of any express warranty of the heifer by the defendant was shown, but there was evidence tending to show that the defendant knew, or had reason to suspect, the diseased condition of the heifer at the time of the sale.

The jury, in the justice's court, rendered a verdict of no cause of action, upon which a judgment was rendered in favor of the defendant, for costs. The plaintiff appealed to the county court of Sullivan county, which court reversed the judgment of the justice, and the defendant appealed to this court.

*A. J. Parker,* for the appellant.

*L. Tremain,* for the respondent.

*By the Court,* HOGEBOOM, J. I do not share in the apprehension expressed by Justice Bronson in *Moses* v. *Mead,* (1 *Denio,* 386,) lest a new inroad should be made upon the doctrine of "caveat emptor," by implying a warranty of

soundness on the sale of provisions; nor concur in the statement made by him in the same case, (*p.* 388,) that "where provisions are not sold for immediate consumption, there is no more reason for implying a warranty of soundness than there is in relation to sales of other articles of merchandize." On the contrary, I am of opinion that sound policy and a proper regard to the public health would dictate an enlargement of the exception to the general rule, rather than otherwise. But we must take the law as it is, which in this state is fairly expressed in the leading case of *Van Bracklin* v. *Fonda,* (12 *John.* 468,) as follows : "In the sale of provisions for domestic use, the vendor is bound to know that they are sound and wholesome, at his peril. This is a principle not only salutary but necessary to the preservation of health and life." Judge Bronson, in the case before cited, (1 *Denio,* 387,) expresses the substance of the doctrine in this form : "Although the doctrine of Blackstone, (that on a sale of provisions there is an implied warranty that they are wholesome, 3 *Black. Com.* 164, 165,) cannot be supported in its whole extent, I am not disposed to deny that on a sale of provisions for *immediate consumption* the vendor may be held responsible in some form for the sound and wholesome condition of the articles which he sells." Assuming such to be this law of the state, to wit, that to render the vendor liable on an implied warranty in the sale of provisions they must be sold for domestic use, or immediate consumption, I am nevertheless of opinion that this judgment should be affirmed.

1. The fair inference is, from the undisputed evidence, (not contradicted by the defendant, who was sworn as a witness,) that the heifer in question, (whose diseased and unfit condition for food is not denied,) was sold for immediate consumption. The plaintiff's testimony is that he bought the heifer, two or three years old, *for beef,* and told the defendant he was going to kill it the *next day,* which he did. It nowhere appears that the plaintiff was a butcher, or was buying to

sell again; and I think we ought not—especially in a case of this kind—to *infer* that such was the fact. If I am right in this position, it follows that the judgment should be affirmed.

. 2. It is a fair, (and almost irresistible,) inference from the testimony of Stewart, Cochran, Leach, and the defendant, that the defendant was aware of, or had great reason to suspect, the unsound and unwholsome condition of the. heifer, when he sold. her to the plaintiff. If so he was bound to disclose it. Although there may be some question whether this last testimony was admissible under the pleadings, yet being received without objection and considered, it may be referred to to uphold the judgment of the county court, which I think rightfully reversed the judgment of the justice, founded upon the remarkable verdict of the jury in favor of the defendant. Under the facts developed in the case it is satisfactory to be able to pronounce in favor of the *affirmance* of the judgment of the county court.

[ALBANY GENERAL TERM, May 6, 1867. *Peckham, Ingalls,* and *Hogeboom,* Justices.]