Rinschler *v.* Jeliffe.

---

Anton Rinschler, Respondent, *against* Taylor Jeliffe *et al.*, Appellants.

(Decided January 3d, 1881.)

Upon a sale of meat at a fair market price to a dealer, to be sold again, where there is no fraud on the part of the vendor, no representations as to quality made, and no express warranty given, and the sale is executed, there is no implied warranty that the meat is sound; and if the buyer and seller have equal knowledge and means of knowledge of the condition of the meat, which appears to both to be sound at the time, and the buyer makes all the examination he deems necessary, before purchasing, the rule *caveat emptor* applies, and the seller is not liable to the buyer for damages from latent defects in the meat.

Appeal from a judgment of the district court in the city of New York for the tenth judicial district.

The action was brought to recover damages from a sale of spoiled and unmerchantable veal by defendants, commission merchants in West Washington Market, to plaintiff, a retail meat dealer in One hundred and forty-eighth street and Third avenue. The calves, ten in number, were purchased on Friday, May 7th, 1880, at about 8 o'clock, A. M., at West Washington Market, by plaintiff from defendants, at seven cents a pound. They were selected by plaintiff from others hanging in the stall. There was nothing about them to indicate that they were not sound. No representations as to quality were made. No warranty was given. Plaintiff and defendants believed them to be sound ; but the unsoundness could not be ascertained until the meat was cut up. The price given was a fair market price.

Plaintiff took the calves home, reaching there about 9.30 A. M., Friday morning, and proceeded immediately to cut them up, when they were discovered to be tainted in parts. He did not notify defendants until Monday morning at 11.20 A. M. It was contended by defendants that according to the custom of the market they should have been notified within twenty-four hours. Plaintiff used all the sound veal, but sold three hundred and forty-five pounds of unsound meat to the "bone man" for a dollar. This action was to recover for the three hundred and forty-five pounds at ten cents per pound—the retail price. The justice of the district court having rendered judgment for the plaintiff, the defendants appealed from the judgment to this court.

J. F. DALY, J.—[After stating the facts as above.] There was no implied warranty that the meat was sound. It was not sold to a consumer but to a dealer, to be sold again (*Hyland* v. *Sherman*, 2 E. D. Smith, 238). There was no fraud on the part of the vendor, and no warranty, and the sale was executed. In such cases the buyer takes all the risks if he have an opportunity to inspect the goods. If he would be protected against latent defects he should require a warranty (*Waring* v. *Mason*, 18 Wend. 425 ; *Wright* v. *Hart*, Id. 449, 453 ; *Swett* v. *Colgate*, 20 Johns. 196 ; *Moses* v. *Mead*, 1 Denio, 378 ; *Beirne* v. *Dord*, 5 N. Y. 95–98 ; *Hyland* v. *Sherman, supra; Goldrich*

v. *Ryan*, 3 E. D. Smith, 324). The cases hold that no warranty is implied from a sound price or that the goods were sold as sound.

In this case the defect in the goods was latent. It could only be discover_d by dissection. The buyer did not require a warranty from the seller, but contented himself with the inspection of the calves which he personally made at the defendants' stand. He and they had equal knowledge and means of knowledge of the condition of the calves at the time. The rule of *caveat emptor* applies. The plaintiff here, as in the case of *Hyland* v. *Sherman*, made all the examination he deemed necessary, before purchasing, but took no warranty against what he could not discover, and was therefore without remedy. In *Goldrich* v. *Ryan*, it was shown that the defect could not be discovered until the cattle were slaughtered, just as in this case the defect could not be discovered until the carcasses were dissected ; yet the buyer had no remedy.

Where the article appears to both vendor and vendee to be sound, and both have equal knowledge on the subject, no warranty against latent defects can be claimed unless such a contract be proposed to and entered into by the vendor. "If the purchaser wants an undertaking that the goods are sound or merchantable, he asks for it ; and then the vendor decides for himself whether he will make such a contract or let it alone" (BRONSON, Ch. J., in *Moses* v. *Mead*, above).

The judgment should be reversed, with costs.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Judgment reversed, with costs.