DAVID MONEY, Appellant, *v.* JOHN FISHER, JR., Respondent.

*Warranty — as to the fitness of a bull as an article of food — express words are not necessary — jury must not discredit uncontroverted testimony.*

Where a bull is sold as an article of food for domestic use, the law implies a warranty that the animal is fit for that purpose.

No particular phraseology is necessary to constitute a warranty; any assertion made by the vendor of an animal concerning such animal, if relied upon by the vendee and if understood by the parties as an absolute assertion, will amount to a warranty.

Where the evidence bearing upon the question of a warranty, given upon both sides, is undisputed, not contradictory, unimpeached and not improbable, it is the duty of the jury to credit the testimony, and it should not arbitrarily or capriciously disregard it.

APPEAL by the plaintiff, David Money, from a judgment of the County Court of Oneida county, entered in the office of the clerk of the county of Oneida on the 16th day of May, 1895, upon the decision of the court reversing the judgment of a justice of the peace rendered upon the verdict of a jury.

*S. M. Stevens*, for the appellant.

*E. O. Worden*, for the respondent.

PER CURIAM :

This action was to recover the purchase price of a bull sold by the plaintiff to the defendant. The answer set up both an implied and an express warranty, its breach, and that the animal was valueless.

As a result of the trial in the Justice's Court the plaintiff recovered a judgment for the agreed price of the bull, with costs. On appeal the County Court reversed the judgment. As no opinion was written, we are unable to determine the particular ground upon which it was reversed.

The appellant, however, now contends that the court erred in reversing this judgment because : (1) There was no implied warranty ; and (2) there was no express warranty.

If this bull was sold as an article of food for domestic use, the law would imply a warranty that it was fit for that purpose. Whether the sale in this case falls within that principle, is not wholly free from doubt, and with our views of the question of express warranty, we deem it unnecessary to decide that question.

We think the undisputed evidence in the case shows conclusively that the plaintiff expressly warranted the bull to be " fat and all right." John Fisher, Sr., who was the defendant's agent and acted for him, testified : " I bought the bull. Plaintiff came in one day and asked me if I wanted to buy a bull. I told him, ' Yes,' and made him an offer. I said I would pay two cents live weight, and four cents dressed, if the meat was fat and all right. He was satisfied and brought him in alive." The plaintiff, who was sworn as a witness in his own behalf, on his cross-examination testified : " I asked Mr. Beck what the price was. Fisher asked me if the bull was fat and all right. I said, ' Yes.' "

From this evidence but one conclusion can be fairly reached, and that is, that at the time of the sale the plaintiff positively asserted that the bull was fat and all right. The evidence of the defendant's agent shows that the offer made by him was based solely upon the fact that the bull was in the condition represented. No particular phraseology was necessary to constitute a warranty. Any assertion made by the plaintiff concerning this bull, if relied upon

by the defendant and understood by the parties as an absolute asser-
tion, would amount to a warranty. That such was the character of
the statements made by the plaintiff, and that they were relied upon
by the defendant, is obvious, as the evidence shows that the defend-
ant knew nothing of the animal purchased, and that the only offer
made was upon the express provision that the animal was "fat and
all right."

The evidence bearing upon this question, both that given by the
plaintiff and that introduced by the defendant, being undisputed,
not contradictory, unimpeached and not improbable, it was the duty
of the jury to give credit to such testimony, and it could not arbi-
trarily or capriciously disregard it. Hence, we think the County
Court was justified in reversing the judgment rendered in the
Justice's Court.

The judgment of the County Court must be affirmed, with costs.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment of the County Court affirmed, with costs.