WILLIAM J. COTTON, Appellant, *v.* HARLAN L. REED, Respondent.

(County Court, Wayne County, November, 1898.)

**Sales — No implied warranty of fitness for food attends the sale of a cow to a butcher.**

The rule that an implied warranty of quality attaches to provisions sold for domestic use has no application to the sale of a cow to a butcher, although the vendor knows that the cow is intended to be slaughtered and retailed as meat; and, where neither party knows, that the animal is diseased and no warranty accompanies the sale, the only rule applicable to the sale is that of *caveat emptor.*

APPEAL from a judgment rendered by H. C. Rising, Esq., justice of the peace, in the town of Savannah, June 25, 1897, in favor of the defendant and against the plaintiff for $5, and costs.

Clyde W. Knapp, for appellant.

De Lancey Stow, for respondent.

SAWYER, J.    No question of fraud upon the part of the plaintiff is raised by defendant in this action, and neither is there any definite claim of an express warranty by plaintiff that the cow in

question was suitable for the purpose for which defendant desired to use her; in fact every claim which defendant might make that the conversation had between the parties at the time of the sale amounted to an express warranty, is answered and concluded by defendant's own testimony in which he states, that in making the purchase he relied upon his own judgment of the cow. It is conceded that defendant, a butcher, purchased the cow in question, intending to slaughter her and retail the meat out to his customers in and about the village of Savannah, in the ordinary course of business; and that this purpose was stated and made known by him to appellant at and before the time of sale. It also appears undisputed from the evidence that at the time of the purchase, the animal was fat and apparently suitable for the purpose for which she was purchased; to use the words of the witness, Lockwood, " she was a good, fat cow." It is also undisputed that when the cow was slaughtered, she was discovered to be unfit for human food, by reason of a diseased condition of her liver, and that the respondent was forbidden by the health authorities to sell the carcass for food, or, indeed, to bring same within the corporation limits of the village of Savannah, and because of her condition, she was disposed of by defendant to a garbage dealer and was a total loss.

It is also conceded that neither appellant nor respondent had at that time any notice or knowledge of the diseased condition of the cow, nor does it appear that there was any way in which her condition at that time could have been detected or learned, the disease not having progressed to a stage where it had become apparent by observation of the living animal. Under these circumstances respondent in answer to an action brought by appellant for the agreed purchase price of the animal contends that the law imposes upon the transaction an implied warranty by the vendor that the animal was fit and suitable for food.

A careful examination of the authorities convinces me that this claim is not well founded. While it is true that it was understood at the time that the animal was to be thereafter converted into meat and sold for food, yet, as between these parties, she was the same as an article of merchandise, and in the absence of fraud, direct or express warranty, the maxim of *caveat emptor*, must apply.

The exceptions from the application of this maxim are but few, and the policy of our law is to sustain the doctrine whenever possible. It has been held, and with reason, that it does not apply in the case of goods sold upon sample or in the case of goods sold

for food; but the policy of the law is not to enlarge upon or unduly extend these exceptions, and as I take it, the exception regarding articles sold for food is limited strictly to transactions between the dealer in foods and the customer trading with him in the ordinary course of business; and so strictly is the rule applied that when the article sold is of such a nature that neither the dealer nor his customer could have determined its condition before its preparation for actual use, then the exception does not prevail, and the rule of *caveat emptor* must regulate the rights of the parties. Moses v. Mead, 1 Den. 378; Hyland v. Sherman, 2 E. D. Smith, 235; Goldrich v. Ryan, 3 id. 325; Rinschler v. Jeliffe, 9 Daly, 469; Julian v. Laubenberger, 16 Misc. Rep. 646; Howard v. Emerson, 110 Mass. 320.

A careful examination of all the authorities which have been submitted, and which I have been able to discover upon independent search, reveals but one case which in any way tends to disturb the rule laid down by the cases just above cited. Divine v. McCormick, 50 Barb. 116.

Counsel for appellant seeks to distinguish this case from the case at bar, and to a certain extent it is distinguishable; but I am still of the opinion that its holding is directly contrary to the conclusion of the cases to which I have previously referred. I am convinced, however, that it does not correctly state the rule of law, and is in effect overruled by the number, weight and reasoning of the other authorities.

The judgment herein is also attacked because of alleged errors in fact, but in view of the conclusion at which I have arrived upon the main question in the case, it becomes unnecessary for me to pass upon the alleged errors.

Judgment reversed, with costs.