A. C. WART, Respondent, *v.* WILLISTON HOOSE, Appellant.

(County Court, Otsego County, December, 1909.)

Sales — Warranties — Implied warranties — Quality of live stock.

> The rule that implied warranty of quality attaches to provisions sold for the immediate consumption of the buyer has no application to the sale of a cow to a butcher, although the vendor knows that the cow is intended to be slaughtered, and sold as meat; and, where neither of the parties knows that the animal is diseased and no express warranty accompanies the sale, the only rule applicable to the sale is that of *caveat emptor.*

APPEAL from a judgment rendered by a justice of the peace.

Arnold & Cooke (J. S. Campbell, of counsel), for appellant.

John G. Johnson, for respondent.

KELLOGG, J. This is an appeal from a judgment rendered in justice's court of the town of Laurens, in this county, in favor of the plaintiff, for the sum of thirty-seven dollars and ten cents damages and five dollars and eighty cents costs. The action was brought to recover the purchase price of a beef cow, by reason of the fact that the meat of the cow, when killed, was found to be diseased with tuberculosis to such an extent as to render the same unfit for human food. It appears from the evidence that the plaintiff was doing business as a butcher and farmer, at his residence in the town of Hartwick; that, on the 17th day of June, 1909, he went to the farm of the defendant, in the same town, and asked him if he had a good beef cow for sale, to which question the defendant replied that he had, and thereupon he went in the lot, looked at the cow, but was not accompanied by the defendant. The plaintiff testifies that she was a good looking cow, satisfactory, and in good condition; that there was no disease apparent about

the cow, and she looked like a good cow for beef. The following day plaintiff drove to Clintonville and had some further conversation with the defendant in relation to the cow, which related exclusively to the price of the cow and as to whether or not plaintiff had seen the cow which defendant desired to sell in the lot. The purchase price of thirty-five dollars was then paid, and the defendant soon thereafter delivered the cow to the plaintiff. The cow was slaughtered on the twenty-eighth day of June, and the liver and lungs and other parts of the cow were found to be diseased to such an extent as to wholly unfit the meat for food, and the entire carcass was thereupon destroyed with the exception of the hide.

There is no evidence in the case of fraud, or that there was at any time an express warranty that the cow was in a healthful condition at the time the sale was executed, or that her meat would be found in a suitable condition for human food at the time of killing.

The plaintiff made such an examination of the cow as he deemed necessary, before the purchase; and there is no evidence that the defendant had any knowledge of the condition of the cow, either prior to or at the time of sale, not possessed by the plaintiff.

The cow outwardly appeared satisfactory and healthy, and the disease of the cow was of such a nature that neither the vendor nor the vendee could have determined its condition before the same was butchered. It was not until the cow was butchered that she was found to be unhealthy and diseased, and it does not appear that the cow gave any symptoms by which either the seller or buyer was able to detect her condition.

It was held in Cornish v. Ryan, 3 E. D. Smith, 324, that, where cattle were brought by a drover to the city and sold to a butcher, and upon being slaughtered found to have been bruised upon the journey, in the absence of any proof of misrepresentation, concealment, or even knowledge of the injuries sustained, the vendor was not liable in damages, without an express warranty that no such defect existed.

Neither can there be a recovery of the purchase price on the sale of merchandise to be sold again by the buyer, where

County Court, Otsego County, December, 1909. [Vol. 65.

the same may be examined as fully as the buyer deems necessary, and there is no fraud, express warranty, or representation amounting to a warranty. Hyland v. Sherman, 2 E. D. Smith, 234.

Upon the sale of meat at a fair market price to a dealer to be sold again, where there is no fraud, no representation as to quality, and no express warranty given, there is no implied warranty that the meat is sound; and, if the buyer and seller have equal knowledge and means of knowledge of the condition of the meat which appears to both to be sound at the time and the buyer makes such examination as he deems necessary before purchasing, the seller is not liable to the buyer for damages for latent defects in the meat. Rinschler v. Jeliffe, 9 Daly, 469.

The rule that implied warranty of quality attaches to provisions sold for domestic use has no application to the sale of a cow to a butcher, although the vendor knows that the cow is intended to be slaughtered and retailed as meat; and, where neither of the parties knows that the animal is diseased and no warranty accompanies the sale, the only rule applicable to the sale is that of *caveat emptor;* and there is no implied warranty that the cow is not diseased and unfit for food. Kinch v. Haynes, 58 Misc. Rep. 499; Cotton v. Reed, 25 id. 382; Moses v. Mead, 1 Den. 378; Hyland v. Sherman, 2 E. D. Smith, 235; Goldrich v. Ryan, 3 id. 325; Rinschler v. Jeliffe, 9 Daly, 469.

There is a clear and well-defined distinction as regards the liability of the vendor between a sale to a dealer to sell again, and one for the immediate consumption of the buyer. The cow was not sold in the case at bar to the plaintiff for his immediate consumption, but was sold to him as a butcher, for sale to his customers; and the same was, in the hands of this plaintiff, an article of merchandise.

When provisions are not sold for immediate consumption of the buyer, there is no more reason for implied warranty of soundness than there is in relation to the sales of other merchandise. The buyer takes all of the risk, if he have the opportunity of inspection; and, if he would be protected against latent defects, he should require a warranty. When

the article is of such a nature that neither the dealer nor his customer could have determined its condition until preparation for actual use, then the exception does not prevail, and the rule of *caveat emptor* must regulate the rights of the parties. Kinch v. Haynes, Cotton v. Ried, Hyland v. Sherman, Goldrich v. Ryan, Rinschler v. Jeliffe, *supra.*

A different rule seems to prevail, however, in Divine **v.** McCormick, 50 Barb. 116. But that case is clearly distinguished from Kinch v. Haynes. and Cotton v. Reed, *supra,* and the case at bar. Divine v. McCormick was an action brought to recover the purchase price of a heifer, wherein the purchaser told the seller that he intended to butcher the same the next day for his own consumption; and nowhere does it appear that the purchaser was either a butcher, or that he was buying to sell again.

The rules of law which are decisive of the questions involved in this case must, from time to time, as in this instance, work real hardship; and for this reason, beyond question, it has been held that any assertion made by the vendor concerning an animal, if relied upon by the vendee, and understood by the parties as an absolute warranty, will amount to a warranty. Money v. Fisher, 92 Hun, 347.

It is not claimed that any words were used amounting to an express warranty in this case; and, as there was no implied warranty that the cow was not diseased and unfit for food under the facts as disclosed by the evidence, it follows that the defendant's motion for a nonsuit should have been granted. The judgment rendered by the justice in favor of the plaintiff herein must, therefore, be reversed, with costs.

**Judgment reversed with costs.**