# AUGUSTA BARK v. SAMUEL DIXSON and Another.[1]

### July 7, 1911.

### Nos. 17,182—(178).

**Tainted food — evidence.**

> Evidence considered, and *held* sufficient to justify the jury in finding that defendants, proprietors of a hotel, furnished to plaintiff, their servant, tainted meat as food, and that this caused her illness.

**Admission of evidence.**

> There were no errors in the rulings on the admission of evidence, or in the charge.

Action in the municipal court of Minneapolis to recover $500 damages. The substance of the pleadings is given in the first paragraph of the opinion. The case was tried before C. L. Smith, J., and a jury which returned a verdict in favor of plaintiff for $300. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Deutsch, Allen & Breding* and *Sol. Fligelman,* for appellants.

*E. R. Lynch* and *M. A. Jordan,* for respondent.

BUNN, J.

Defendants are the proprietors of the Majestic hotel, in Minneapolis. Plaintiff, on November 1, 1909, and for some time prior thereto, was employed as a chambermaid in the hotel. She received her board as a part of her compensation. This action was brought to recover damages for an illness suffered by plaintiff, which she claimed was caused by tainted meat furnished her as food by defendants. The complaint alleges in strong terms the decayed and poisonous condition of the meat eaten by plaintiff, and is evidently drawn to fit both the theory of implied warranty and the theory of negligence. The answer was a general denial, with a plea of contributory negligence. The case was tried to a jury, and resulted in

[1] Reported in 131 N. W. 1078.

a verdict in plaintiff's favor. Defendants appeal from an order denying their motion for judgment notwithstanding the verdict or for a new trial.

It is stated by defendants, and correctly, we think, that it was necessary for plaintiff to prove by a fair preponderance of the evidence that the meat was tainted, and that plaintiff's illness was the result of eating it. Defendants, however, contend that there was no evidence to sustain a finding in plaintiff's favor on either of these questions. It seems to be the opinion of counsel for defendants that, because there was no chemical analysis of the meat or of the waste, there was no proper evidence of its tainted or poisonous condition. But it does not take an entomologist or bacteriologist to discover that a beefsteak is rotten and unfit for food. The evidence of plaintiff and of other witnesses who tasted the meat to the effect that it was bad was competent, and with the admission of one of defendants that six of his servants were ill that night, together with the symptoms that developed, clearly made a prima facie case. We think the evidence abundantly justified the verdict.

Defendants claim that plaintiff was guilty of contributory negligence because, after she took one mouthful of the meat, and "it didn't taste good, kind of rotten," she took another. This may have been bad taste, but it can hardly be called negligence; nor is there any evidence to show that the last mouthful was the cause of her illness. We find no error in the rulings on the admission of evidence.

Complaint is made of an instruction that if the jury was satisfied by a fair preponderance of the evidence that the meat was tainted, and that plaintiff's illness was caused by eating it, the burden of proof was on defendants to prove that they used ordinary care in the selection and production of the food. This instruction was correct, and certainly fully as favorable to defendants as they were entitled to.

It does not seem important whether the action was based on negligence or on contract and breach of an implied warranty. The evidence is sufficient to justify the verdict on either theory.

Order affirmed.