RACE v. KRUM.

(Supreme Court, Appellate Division, Third Department. May 21, 1914.)

1. APPEAL AND ERROR (§ 171*)—CHANGE OF THEORY ON APPEAL.

A party cannot on appeal contend that a pleading proceeds on a different theory from that accepted both by counsel and the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

2. EVIDENCE (§ 265*)—ADMISSIONS IN PLEADING.

An admission in a pleading of an implied warranty by a seller is not binding upon the pleader because an admission of a legal conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

3. SALES (§ 273*)—WARRANTIES—IMPLIED WARRANTIES.

A seller of ice cream impliedly warrants that it is fit for consumption.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 772–776; Dec. Dig. § 273.*]

On motion for reargument. Reargument denied and former (146 N. Y. Supp. 197), judgment affirmed.

Joseph A. Lawson, of Albany, for the motion.

Edgar T. Brackett and Harold H. Corbin, both of Saratoga Springs, opposed.

PER CURIAM. [1] Upon the motion for reargument, the defendant first argues that the admission in the answer of the warranty

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleged in the complaint was not intended as an admission of an express warranty, but was intended simply as an admission of an implied warranty. Whatever construction might otherwise be given to the pleadings, it was evidently assumed upon the trial, as is claimed by the defendant, and the construction given to the pleadings upon the trial, both by the court and by counsel, should be the construction which this court will adopt in determining the appeal.

[2] It is further urged that an admission in a pleading of an implied warranty is not binding upon the defendant because it is an admission of a legal conclusion. To this proposition we also agree.

[3] The motion for reargument should be denied, however, because the majority of the court were of opinion that as matter of law, upon the sale of the ice cream by the defendant, there was an implied warranty that it was fit for consumption; upon this assumption the majority of the court were further of the opinion that there was sufficient evidence to sustain the verdict of the jury; and therefore that the judgment should be affirmed.