## LEAHY v. ESSEX CO.

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

1. Food (§ 25*)—Sales—Implied Warranty—Evidence of Breach—Poisons.
   Evidence, in an action for breach of an implied warranty on the sale of food for immediate consumption, *held* sufficient to warrant the jury in finding that plaintiff was suffering from food poisoning, and that the food purchased of defendant was the cause.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 18; Dec. Dig. § 25.*]

2. Sales (§ 274*)—Implied Warranty—Food.
   There is an implied warranty in the sale of pie of its fitness for consumption.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 777–779; Dec. Dig. § 274.*]

Appeal from Rensselaer County Court.

Action by Hannah Leahy against the Essex Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John P. Judge, of Troy, for appellant.
Countryman, Nellis & Du Bois, of Albany (M. H. Nellis, of Albany, of counsel), for respondent.

JOHN M. KELLOGG, J. This action was brought to recover damages for the breach of an implied warranty on the sale of food for immediate consumption. The evidence showed that the plaintiff, immediately after eating her luncheon at the defendant's lunchroom, was taken violently sick and was suffering from food poisoning. She lunched at about 12:30, eating some toast, a part of a piece of chocolate pie, and drinking some tea. The pie seemed of an unusual color and taste. She never before had eaten a piece of chocolate pie that had the same taste; she therefore ate only about one-half the piece purchased. At 1:30 she was taken violently sick. That morning she had eaten an

orange and drank a cup of cocoa, and during the forenoon she drank a glass of water and the night before had eaten a hearty meal.

[1] The county judge dismissed the complaint upon the ground that it could not be determined with reasonable certainty that the food poisoning was caused by the food purchased of the defendant. It appeared that after the ingestion of milk, or milk compound, the symptoms of food poisoning would appear from within a few minutes to five or six hours. The evidence was sufficient to enable the jury to determine that the plaintiff was suffering from food poisoning, and that the food purchased of the defendant was the cause thereof. The case was therefore improperly taken from the jury.

[2] In Race v. Krum, 146 N. Y. Supp. 197, decided by this court in March, 1913, in which a motion for a reargument was denied by a memorandum handed down by the court at the May term (147 N. Y. Supp. 818), 'we held that there was an implied warranty in the sale of food under somewhat similar circumstances.

The judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.