C. BERTRAND RACE, Respondent, *v.* CHARLES B. KRUM, Appellant.

Warranty — ice cream — action for damages for injuries resulting from consumption by plaintiff of unwholesome and poisonous ice cream sold by the proprietor of a drug store — such cream impliedly warranted to be wholesome and fit to eat.

1. The general rule established by the weight of authority in the United States and England is that accompanying all sales by a retail dealer of articles of food for immediate use there is an implied warranty that the same is fit for human consumption.

2. In an action brought to recover damages for personal injuries alleged to have resulted from the consumption by plaintiff of unwholesome and poisonous ice cream sold him by the proprietor of a drug store, the court properly instructed the jury that when defendant sold the cream to plaintiff he impliedly warranted it was wholesome and fit to eat.

*Race* v. *Krum,* 162 App. Div. 911, affirmed.

(Argued January 14, 1918; decided February 5, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,

entered May 25, 1914, affirming a judgment in favor of
plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Joseph A. Lawson* for appellant.

*Walter B. Grant* and *Chester H. Lane* for Childs Com-
pany, *amicus curiæ.* A retail dealer or restaurant
keeper is not an insurer of the quality of his food. He
should be held liable only where he knowingly or negli-
gently serves bad food. (*Valeri* v. *Pullman Co.,* 218
Fed. Rep. 519; *Wright* v. *Hart,* 18 Wend. 449; *Van
Bracklin* v. *Fonda,* 12 Johns. 467; *Moses* v. *Mead,* 1 Den.
378; 5 Den. 617; *Burch* v. *Spencer,* 15 Hun, 504; *Devine*
v. *McCormack,* 50 Barb. 116; *Miller* v. *Scherder,* 2 N. Y.
262; *Allen* v. *Steamship Co.,* 132 N. Y. 91.)

*Walter Jeffreys Carlin* for Association of Ice Cream
Manufacturers of New York State, *amicus curiæ.* There is
no implied warranty of the wholesomeness of a food where
the seller has no knowledge of its unwholesomeness and
no means of obtaining such knowledge except by a bac-
teriological analysis. (*Hoe* v. *Sanborn,* 21 N. Y. 552.)

*Edgar T. Brackett* for respondent. The jury having
rendered a verdict, judgment entered upon which has
been affirmed, although not unanimously, under repeated
decisions of the court, so far as the facts are concerned,
the only question here is " Is there any evidence warrant-
ing the verdict? " (*Chainless Cycle Mfg. Co.* v. *Security
Ins. Co.,* 169 N. Y. 304; *Hawkins* v. *Mapes,* 178 N. Y.
236.) The defendant warranted the cream to the plain-
tiff — that it was wholesome and fit for human con-
sumption. (*Van Bracklin* v. *Fonda,* 12 Johns. 468; *Moses*
v. *Mead,* 5 Den. 617; 1 Den. 378; *Hart* v. *Wright,* 17
Wend. 267; *Devine* v. *McCormack,* 50 Barb. 116; *Miller*
v. *Scherder,* 2 N. Y. 267; *Burch* v. *Spencer,* 15 Hun,

504; *Money* v. *Fisher*, 92 Hun, 347; *Rothmiller* v. *Stein*, 143 N. Y. 581; *Windsor* v. *Lombard*, 18 Pick. 62; *Kinch* v. *Hayes*, 58 Misc. Rep. 501; *Davis Provision Co.* v. *Fowler Bros., Limited*, 20 App. Div. 630; 163 N. Y. 580; *Swain* v. *Schiffelin*, 134 N. Y. 471.)

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have resulted from the consumption by plaintiff of unwholesome and poisonous ice cream sold to him by defendant. The complaint contains two causes of action. In the first a recovery is asked on the ground that defendant was negligent in selling the cream and in the other that he warranted it to be fit for human consumption. A majority of the court is of the opinion that the answer put in issue the material allegations of each. At the conclusion of the evidence, however, plaintiff elected to go to the jury only upon the second cause of action, and the case was submitted to it on that theory. Plaintiff had a verdict and from t e judgment entered thereon an appeal was taken to the Appellate Division, where the same was affirmed, two of the justices dissenting, and defendant appeals to this court.

On the 22d of June, 1911, defendant conducted a drug store in the city of Albany, and in connection with and as a part of such business sold ice cream to be consumed in the store. Some time during the evening of that day plaintiff, with two companions, entered the store and asked that each be served with ice cream, which was done, the two companions being served from one can and plaintiff from another. Plaintiff complained of the quality of the cream served him and ate only a part of it, stating it was " not good; there is something the matter with it." He then left the store, and as he did so the clerk who waited upon him examined the cream and he stated " there is something wrong with that." Within

a very short time thereafter plaintiff was taken violently ill and remained so for several days.

The appellant attacks the validity of the judgment on the ground (a) that there was *no* evidence to establish the cream sold to plaintiff was the cause of his illness; and (b) the trial court erred in instructing the jury that when defendant sold the cream to plaintiff he impliedly warranted it was fit for human consumption.

As to the first contention there certainly was some evidence tending to establish that plaintiff's illness was caused by the presence of a poison known as tyrotoxicon in the ice cream; that such poison is a filth product found only in milk and milk products, including ice cream. Having ascertained from the record that there is some evidence to support the finding of the jury that there was tyrotoxicon in the cream, and that the same was the cause of plaintiff's illness, this court is precluded from making a further examination on that subject. The question whether there is any evidence to support a finding of fact is one of law which when the affirmance by the Appellate Division is not unanimous is reviewable by this court. When, however, it has found there is such evidence, the question is no longer one of law and the decision of the court below upon the facts is final. (*Ostrom* v. *Greene*, 161 N. Y. 353; *Chainless Cycle Mfg. Co.* v. *Security Ins. Co.*, 169 N. Y. 304, 311; *Hawkins* v. *Mapes-Reeve Const. Co.*, 178 N. Y. 236, 238.)

As to the second contention, I am of the opinion the trial court did not err in instructing the jury that when defendant sold the cream to plaintiff he impliedly warranted it was wholesome and fit to eat. In this connection, however, it must be borne in mind that we are not dealing with the liability of hotel proprietors, restaurant keepers, dining car managers, or people engaged in business of that kind, but are considering solely the liability of a dealer who makes or prepares

the article that he is selling. As to such dealer we believe the instructions were proper. The general rule established by the weight of authority in the United States and England is that accompanying all sales by a retail dealer of articles of food for immediate use there is an implied warranty that the same is fit for human consumption. (*Hoover* v. *Peters*, 18 Mich. 51; *Sinclair* v. *Hathaway*, 57 Mich. 60; *Winsor* v. *Lombard*, 18 Pick. 61; *Farrell* v. *Manhattan Market Co.*, 198 Mass. 271; *Askam* v. *Platt*, 85 Conn. 448; *Tomlinson* v. *Armour & Co.*, 75 N. J. L. 748; *Wiedeman* v. *Keller*, 171 Ill. 93; *Cantani* v. *Swift & Co.*, 251 Penn. St. 52; *Bark* v. *Dixson*, 115 Minn. 172; *Parks* v. *C. C. Yost Pie Co.*, 93 Kan. 334; *Doyle* v. *Fuerst & Kraemer, Ltd.*, 129 La. 838; *Haley* v. *Swift & Co.*, 140 N. W. Rep. 292; *Nelson* v. *Armour Packing Co.*, 76 Ark. 352; *Bigge* v. *Parkinson*, 7 H. & N. 955; *Frost* v. *Aylesbury Dairy Co., Ltd.*, 1905, 1 K. B. 608. See also vol. 35 Cyc. 407, and authorities cited; 40 L. R. A. [N. S.] 480, and note.)

It is true, as urged by the appellant, that this court, so far as I have been able to discover, has not heretofore expressed its view as to the soundness of the rule above referred to. There are, however, two cases in the Appellate Division of the Supreme Court, which, following the decision there made of the present case, have applied such rule — *Leahy* v. *Essex Co.* (164 App. Div. 903) and *Rinaldi* v. *Mohican Co.* (171 App. Div. 814). And there are several authorities in this court and in the Supreme Court where, in opinions delivered, the statement is made that such rule does exist. While it may be true, as contended, that such statements cannot be considered as settling the law on the subject, inasmuch as the same were not necessary to the decision (*Colonial City Traction Co.* v. *Kingston City R. R. Co.*, 154 N. Y. 493, 495, and *Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538, 551), they are, nevertheless, valuable as indicating

the view of the writer of the opinion in each case as to what the law is or ought to be. One of the earliest cases of this character is *Van Bracklin* v. *Fonda* (12 Johns. 468) where the statement is made that " in the sale of provisions for domestic use, the vendor is bound to know that they are sound and wholesome, at his peril. This is a principle, not only salutary, but necessary to the preservation of health and life." This statement was approved, or an equivalent one made, in *Moses* v. *Mead* (5 Denio, 617); *Divine* v. *McCormick* (50 Barb. 116); *Burch* v. *Spencer* (15 Hun, 504); *Money* v. *Fisher* (92 Hun, 347); *Miller* v. *Scherder* (2 N. Y. 262); *Fairbank Canning Co.* v. *Metzger* (118 N. Y. 260) and *Rothmiller* v. *Stein* (143 N. Y. 581, 592). In the authority last cited, Judge Peckham (subsequently justice of the Supreme Court of the United States), who delivered the unanimous opinion of this court, said: " So, in regard to the sale of food for * * * human consumption, the law annexes an implied warranty that the food is not in an unwholesome condition and unfit to be eaten."

This rule is based upon the high regard which the law has for human life. The consequences to the consumer resulting from consumption of articles of food sold for immediate use may be so disastrous that an obligation is placed upon the seller to see to it, at his peril, that the articles sold are fit for the purpose for which they are intended. The rule is an onerous one, but public policy as well as the public health demand such obligation should be imposed. The seller has an opportunity which the purchaser does not of determining whether the article is in the proper condition to be immediately consumed. If there be any poison in the article sold, or if its condition render it unfit for consumption, and the consumer be thereby made ill, some one must, of necessity suffer, and it ought not to be the one who has had no opportunity of determining the condition of the

article, but rather the one who has at his command the means of doing so.

The present case is a good illustration. Plaintiff was seriously ill for several days. Serious consequences followed the illness. He had no opportunity of determining, when the purchase was made, whether the cream were good or bad. Defendant did have such opportunity. He could have ascertained whether the ingredients which went into the cream contained the poison referred to, or after it was prepared he could have so cared for it that it would have been impossible for filth, which it is conceded is the cause of the poison, to have gotten into it.

I am of the opinion, therefore, that the trial court did not err in the instructions given to the jury and that the judgment appealed from is right and should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and CRANE, JJ., concur.

Judgment affirmed.