AMELIA F. ZENKEL, Plaintiff, v. ONEIDA COUNTY CREAMERIES COMPANY, Defendant.

(Supreme Court, Monroe Special Term, July, 1918.)

Sales — warranty — evidence — trial.

There is an implied warranty accompanying a sale at retail of limburger cheese for immediate use that the same is fit for human consumption.

It is competent to show that other persons had purchased cheese of the same shipment at another store operated by the defendant and had been made sick by eating it.

MOTION for a new trial on the judge's minutes.

Delos M. Cosgrove (Frederick T. Pierson, of counsel), for motion.

Clinton A. De Voe (John J. McInerney, of counsel), opposed.

RODENBECK, J. This case involves a claim for damages arising from the sale of alleged unwholesome limburger cheese. The jury rendered a verdict in favor of the plaintiff and the defendant moved for a new trial on the minutes. " The general rule established by the weight of authority in the United States

and England is that accompanying all sales by a retail dealer of articles of food for immediate use there is an implied warranty that the same is fit for human consumption." *Race* v. *Krum,* 222 N. Y. 410, 414, and cases cited. The rule has been applied to ice cream made or prepared on the premises (*Race* v. *Krum, supra*); to chocolate pie eaten in a restaurant (*Leahy* v. *Essex Co.,* 164 App. Div. 903); to pork purchased at a retail store (*Rinaldi* v. *Mohican Co.,* 171 id. 814) and to beef sold at such a store (*Maxwell* v. *Marsh,* 173 id. 1003). These are the more recent cases on this subject in this state and are sufficient to justify the application of the rule to this case which involves the sale at a retail store of limburger cheese. The reason for the application of the rule lies in the necessity for protecting the public health and the opportunity which the dealer had of ascertaining whether or not the cheese was wholesome.

The case at the close of the evidence presented questions of fact for the jury. The plaintiff showed that she purchased the cheese. That she was made sick by eating it is substantiated by the testimony of the physician who attended her and a neighbor who called and remained with her until nearly twelve o'clock on that night. That four of her children were made sick at the same time is strong evidence that their illness was due to the cheese which they had eaten three hours before. At least it presented with other evidence a question for the jury in the light of the evidence as to the food eaten by the family at previous meals.

So far as the damages are concerned the plaintiff says that prior to eating the cheese she had been in perfect health. No prior condition of ill health appears in the evidence except as deductions from the testimony of physicians. There was evidence which afforded the jury an opportunity to find that there

was a connection between her present condition and her vomiting, retching and other immediate effects caused by eating the cheese. They might have concluded from the testimony that her previous condition, aggravated by the vomiting and retching, caused the conditions that subsequently developed. It was within their province to determine this connection and they have so found. Even if the plaintiff was in impaired health before eating the cheese, it would not relieve the defendant from the consequences which can reasonably be traced to its act. This connection was a question for the jury.

The evidence of the witness who testified that she had eaten some of the same brand of cheese purchased at another store operated by the defendant and had been made sick by it was competent. Our system of trials is based upon reason. Facts that have a rational probative value are admissible unless some specific rule forbids. Wigm. Ev. § 9. There is no rule of auxiliary probative or extrinsic policy which excludes the evidence. The plaintiff was not required to stop with proof that she had eaten the cheese and that it made her sick. She was entitled to show that her children had eaten it and had also been made sick. She was also entitled to show that other persons had purchased similar cheese of the same shipment at the store and had been made sick. This evidence aside from that of the plaintiff herself was admissible because it had some probative value. The defendant was permitted to show that part of the same shipment of cheese had been sent to other stores and that other persons had eaten some of the cheese and had not been made sick. This evidence was admissible because it bore upon the wholesome character of the cheese and had a probative value. Likewise it was competent for the plaintiff in rebuttal especially after the defendant

had offered proof that others had eaten cheese which was part of the same shipment and had not been made sick to show that still other persons had eaten of the same shipment purchased at stores of the defendant and had been made sick. Both of these classes of evidence have some probative value. The evidence of a single witness offered by the plaintiff did not go far but it had a relevancy and probative value and was therefore competent. Wigm. Ev. § 441; *Sheldon* v. *Hudson R. R. R. Co.*, 14 N. Y. 218; *Field* v. *New York C. R. R. Co.*, 32 id. 339; *Auld* v. *Manhattan Life Ins. Co.*, 34 id. 491; affd., 165 N. Y. 610. The motion is denied, with ten dollars costs of motion.

Motion denied, with costs.