■ CALLANAN INDUSTRIES, INC., Respondent-Appellant, v. ALVINO FRETTO, as Executrix of PATRICK FRETTO, Doing Business as FRETTO BROS., et al., Respondents, and J. N. FUTIA Co., INC., et al., Appellants-Respondents. STATE UNIVERSITY CONSTRUCTION FUND, Defendant.— Cross appeals from so much of a judgment of the Supreme Court, entered September 13, 1972 in Albany County, upon a decision of the court at Trial Term, as granted recovery against defendants J. N. Futia Co., Inc., and the Aetna Casualty and Surety Company and dismissed the complaint against all other defendants. Early in 1969 the State contracted with Futia for certain construction work at the State University in Albany. Futia subcontracted the excavation, backfilling and paving work involved to defendant Fretto Bros., who in turn contracted with the plaintiff Callanan Industries, Inc., for the paving. In this action, Callanan seeks recovery against Futia for the installation of the pavement at the school. As to the agreement between Callanan and Fretto Bros., there is no dispute. The contract called for a five-inch base course and a top course of one-inch pavement at a price of $5,000 and the installation to these specifications was satisfactorily completed. After State engineers inspected and accepted the work, Callanan billed Fretto Bros. for the agreed contract price. When this was not paid, it filed a lien for the $5,000 owed, which lien was discharged by bond furnished by Aetna in behalf of Futia. It is on this bond that Callanan seeks payment for its paving work. As a subcontractor of a subcontractor, Callanan can only enforce its lien against the prime contractor, Futia, to the extent of monies owed by Futia to its subcontractor Fretto Bros. (*Philan Dept. of Borden Co.* v. *Foster-Lipkins Corp.*, 39 A D 2d 633). On this appeal, Futia contends that Callanan has failed to meet its burden of proof in this regard by establishing the contract price between Futia and Fretto Bros. at $15,290 and the requisite performance of the contract by Fretto Bros. In the exercise of our power to make findings of fact in order to reach a final determination (*Victor Catering*

*Co.* v. *Nasca,* 8 A D 2d 5), however, we reach a different conclusion. While there is evidence in the record tending to establish an initial contract price of $7,970, this is no bar to a subsequent modification of the contract (*Lesavoy Ind.* v. *Providence Wash. Ins. Co.,* 5 A D 2d 601), and there is ample evidence which leads us to conclude that such a modification took place. A hand written memo by the President of Futia details expenses and reflects a price of $15,290 and Futia's letter of September 9, 1969 to Fretto Bros. speaks of paying for additional "excavation, backfill and black top". Likewise, the contract between Callanan and Fretto Bros. included an additional top course of pavement not mentioned in Futia's initial purchase order for $7,970. Furthermore, if the initial $7,970 contract price was not modified, Fretto Bros.' contract to pay Callanan $5,000 for the paving *after* Futia had already paid Fretto Bros. $3,000 would have obligated Fretto Bros. to pay Callanan more than it would receive in the future from Futia. Similarly, although Fretto Bros. may not have completely performed its contract, uncontroverted evidence establishes that there is sufficient money owed them by Futia against which the lien could be enforced. Thus, while $3,000 has been paid on the contract, and $2,373.70 has been back charged for work done by Futia, there still remain ample funds to satisfy the lien, even if we impute to Fretto Bros. responsibility for the $2,802 deduction made by the State in its payment to Futia. More directly stated, $15,290, minus $3,000, minus $2,373.70, minus $2,802, equals $7,114.30. Finally, Futia contends that Callanan cannot recover on the bond, as it based its cause of action on Lien Law theory. This claim is also without merit. The trial court obviously viewed the bond as a source from which plaintiff could recover only after establishing its lien, and we are confined to the construction given the complaint at trial (10 Carmody-Wait 2d, New York Practice, § 70:420; *Race* v. *Krum,* 163 App. Div. 924). Furthermore, the case relied upon by Fretto for its contention, *Chittenden Lbr. Co.* v. *Silberblatt & Lasker* (288 N. Y. 396), applies to a case where there are insufficient funds available to satisfy the lien out of moneys due and owing the contractor or subcontractor and is not applicable here. Our decision here makes Callanan's cross appeal moot. We conclude that the contract price between Futia and Fretto Bros. was $15,290 and that Fretto Bros. sufficiently performed the contract so that it was owed sufficient moneys to satisfy Callanan's lien. Judgment affirmed, with costs to Callanan Industries, Inc. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.