EZRA CRAFT v. PARKER, WEBB & CO. (A CORPORATION).

|        |     |
| ------ | --- |
| 96     | 245 |
| 115    | 483 |
| 96     | 245 |
| e135 ² | 59  |
| 96     | 245 |
| d149   | 597 |

*Negligence—Sale of spoiled meats—Evidence—Question for jury.*

1. A keeper of a meat-market is bound to use due care to see that the meats sold are fit for human consumption; citing *Hoover v. Peters,* 18 Mich. 51.

2. A dealer who sells food for consumption impliedly warrants that it is fit for the purpose for which it is sold;[1] and, if he sells food that is dangerous to those who eat it, he is liable for the consequences, if he knew it to be dangerous, or, by proper care on his part, could have known of its condition; citing *Bishop v. Weber,* 139 Mass. 411.

3. Where, in a suit to recover damages for selling spoiled meat,

———————

[1] See *Sinclair v. Hathaway,* 57 Mich. 60; *Copas v. Provision Co.,* 73 Id. 541.

the plaintiff testifies that he noticed a peculiar odor and taste while eating it, it is a question for the jury whether he exercised due care in partaking of the meat.

4. The plaintiff, in a suit to recover damages for negligence in the sale of a piece of spoiled bacon, after fixing the time of the sale, and showing the keeping for sale by the defendant of spoiled meats at about that time, may show that the defendant kept other spoiled meats for sale prior to the time of the sale complained of.

Error to Wayne. (Hosmer, J.) Submitted on briefs March 9, 1893. Decided June 30, 1893.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Sloman, Moore & Duffie,* for appellant.

*Willard M. Lillibridge,* for defendant.

LONG, J. Plaintiff brought suit in an action on the case for negligence in selling a piece of rolled spiced bacon, which he alleges was spoiled, and unfit for food, and from the effects of which he became sick. The court below directed a verdict in favor of defendant, on the ground that there was no negligence shown on its part, and also that the plaintiff was guilty of contributory negligence.

We think the case should have gone to the jury. Defendant carries on a wholesale and retail business of selling meats in the city of Detroit. On July 8, 1891, plaintiff's brother bought from it, at the retail counter, a roll of spiced bacon. It was taken to the plaintiff's house, where he boarded, and part of it cooked for breakfast. Plaintiff's brother had the first slice, which seemed to be all right. Later in the morning, plaintiff's wife cut off some more from the roll, and cooked it for plaintiff. The wife noticed a peculiar odor from it, but claims she thought it was the spices. Plaintiff also noticed the odor, and a

peculiar taste, and claims that he also thought it was the spices. Soon after eating it he became quite sick. He sent for a physician, who pronounced that he was suffering from some kind of poison. Plaintiff then examined the rest of the meat, opened it, and says that it was very rank, and the smell of it was like that of a carcass.

A witness for plaintiff also testified that a short time previous to that she purchased some spiced bacon of defendant, cooked it, and her husband became sick. She opened that roll, and found it spoiled. She returned it to one of the clerks at the retail counter, and told him of its condition. He took it back, and gave her other meat in its place.

John Stabler, a witness for plaintiff, testified that he had worked for defendant, but left its employ just before this meat was sold. He testified that he had seen old pickle dripping from the upper floor upon bacon piled upon a lower floor, and that defendant's foreman had the bacon removed; that some rolls of bacon were badly molded and the foreman directed that they should be taken to the smokehouse, and smoked over again.

Robert Craft, a brother of the plaintiff, had worked for defendant, and was in its employ at the time the bacon in question was sold. He was asked:

"Do you know of any spoiled meats that were sold there, over the counter, during the month of July, about the time you procured this piece of spiced bacon, that was put on the counter there for sale for private consumption, in the regular course of their business, and that was unfit for food, being spoiled and discolored?"

Under defendant's objection, the witness was not permitted to answer. John Stabler was also asked:

"What can you say as to whether or not you have seen meat that was spoiled, and unfit for use, prepared in this place to be sold on the market, about last summer, or the early part of last winter?"

This was also ruled out.

The answers to these questions should have been permitted. The question to Mr. Craft fixed the time the sale was made of which plaintiff complains, and, with some testimony fixing the keeping for sale of spoiled meats at about that time, the plaintiff should have been permitted to show the condition of other meat kept for sale prior to that time. The defendant was the keeper of a retail meat-market, engaged in the business of selling meats for food, and was bound to use due care to see that the meats were fit for human consumption. *Hoover v. Peters*, 18 Mich. 51. It was proposed to be shown, however, that it was not only careless in preparing these meats, but its servants had actual knowledge of the unfitness of the meat for food, and yet sold it.

It was a question for the jury whether the defendant was so careless that it should be held responsible for the consequences of its own acts, or the acts of its servants. A dealer who sells food for consumption impliedly warrants that it is fit for the purpose for which it is sold. If, in addition to this implied warranty, it is found that he was negligent in selling meat that was dangerous to those who ate it, he will be liable for the consequences of his act, if he knew it to be dangerous, or, by proper care on his part, could have known its condition. *Bishop v. Weber*, 139 Mass. 411 (1 N. E. Rep. 154.) These were questions for the jury, and not for the court.

The question was also for the jury to determine whether the plaintiff exercised due care on his part in partaking of the meat when he observed the odors arising from it after it was cooked.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.