HALEY, by guardian *ad litem,* Respondent, vs. SWIFT & COMPANY, Appellant.

*February 18—March 11, 1913.*

*Negligence: Acts imminently dangerous: Sale of adulterated food: Injury to health: Liability of manufacturer: Privity of contract.*

1. One who wilfully or negligently commits an act imminently dangerous to human life, limbs, or health is liable to persons injured thereby, although he has no contractual relations with them.

2. A complaint alleging that defendant, a meat packer, carelessly and negligently sold and delivered to a local dealer, to be by him sold at retail, "certain adulterated link sausage which contained diseased, infected, putrid, decomposed, and poisonous animal matter" (bringing it within the condemnation of sec. 4601, Stats.); that defendant knew or ought to have known its condition; that a portion of such sausage sold by the retailer was given to plaintiff to eat; and that he ate thereof and was thereby poisoned and injured in health, is *held* to state a cause of action.

APPEAL from an order of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

The complaint in this action alleges that the plaintiff is a minor of the age of one year and that this action is brought by his duly appointed and qualified guardian *ad litem.*

For a cause of action it is alleged that the defendant is a foreign corporation engaged in the wholesale meat-packing business, and that as part of its business it manufactures and sells link sausage; that it maintains a cold storage warehouse at the city of Ashland for the storage of its products and commodities intended for sale in the surrounding country; that Iron River, Wisconsin, is supplied from the Ashland warehouse; that a traveling salesman, with headquarters at Ashland, employed by the defendant to sell its products in the territory surrounding Ashland, received an order from a dealer at Iron River for a quantity of link sausage; that to supply this order the defendant carelessly and negligently put out from its Ashland warehouse and delivered to the dealer at Iron River "certain adulterated link sausage which contained diseased, infected, putrid, decomposed, and poisonous animal matter," and that the defendant knew or ought to have known its condition; that this sausage was so sold and delivered to the dealer at Iron River to be placed on the market and sold at retail to the general public, and that it was so placed on sale by the dealer; that a portion of the sausage so sold by the dealer was, without fault or negligence on the part of the plaintiff, given to him to eat and that he ate thereof; and

that he was thereby poisoned and made sick, suffered great pain, and was permanently injured and impaired in his health, to his damage in the sum of $5,000.

This is an appeal from an order overruling a demurrer to the complaint.

For the appellant the cause was submitted on the brief of *John Walsh.*

*C. F. Morris,* for the respondent.

SIEBECKER, J.   In the case of *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157, the court declared that "a manufacturer or vendor making and selling an article intended to preserve or affect human life is liable to third persons who sustain injury caused by his negligence in preparing, compounding, labeling, or directing the use of such articles, if such injury to others might have been reasonably foreseen in the exercise of ordinary care." The basis of the decision recognizes the distinction between acts which are imminently dangerous in their effects upon human life, limbs, and health and those that are not. In the former class of cases, if the acts were wilfully or negligently committed, the guilty party is legally liable to the injured persons, regardless of any contractual relation existing between them, while in the latter class of cases there is liability only to persons with whom he has contracted or to whom he owes a duty.

In *Bishop v. Weber,* 139 Mass. 411, 1 N. E. 154, an action to recover damages for injuries resulting from partaking of unwholesome and dangerous food, the court, speaking on the subject of liability for such an act, stated:

"The furnishing of provisions which endanger human life or health stands clearly upon the same ground as the administering of improper medicines, from which a liability springs irrespective of any question of privity of contract between the parties."

The following adjudications are to the same effect: *Waters-Pierce Oil Co. v. Deselms,* 212 U. S. 159, 29 Sup. Ct. 270; *Wellington v. Downer K. O. Co.* 104 Mass. 64; *Skinn v.*

*Reutter,* 135 Mich. 57, 97 N. W. 152; *Clement v. Crosby & Co.* 148 Mich. 293, 111 N. W. 745; *Craft v. Parker, W. & Co.* 96 Mich. 245, 55 N. W. 812.

The complaint charges the defendant with selling and delivering to a local dealer at Iron River, Wisconsin, "certain adulterated link sausage which contained diseased, infected, putrid, decomposed, and poisonous animal matter, and that the defendant knew or ought to have known the condition thereof." This charge in the complaint embraces an article offered as food for human consumption which is within the condemnation of the provisions of sec. 4601, Stats., which declares as adulterated an article of food "if it consists of or is manufactured, wholly or in part, from a diseased, contaminated, filthy, decomposed, tainted or rotten animal or vegetable substance." The allegations of the complaint state a cause of action, and the ruling of the lower court is correct.

*By the Court.*—The order appealed from is affirmed.


