## WALTERS v. UNITED GROCERY CO.

No. 3146. Decided March 4, 1918. (172 Pac. 473.)

SALES—RETAIL DEALER IN FOOD—IMPLIED WARRANTY OF WHOLESOME-NESS. Where a retail dealer in bakery and delicatessen products, such as meats, salads, and foodstuffs, sold to plaintiff potato salad for immediate table consumption, which salad was unwholesome and unfit for consumption, so that plaintiff, upon eating it, became sick and was confined to her bed, the dealer was liable to plaintiff for breach of its implied warranty of wholesomeness and fitness for human consumption.

Appeal from District Court of Salt Lake County, Third District; *Hon. J. Louis Brown,* Judge.

Action by Bertha C. Walters against the United Grocery Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Frank B. Stephens* for appellant.

*Bagley & Ashton* for respondent.

GIDEON, J.

The defendant company, on or about the 12th day of December, 1915, was engaged in the preparation for sale and vending to the public bakery and delicatessen products, such as meats, salads, and foodstuffs of divers kinds, at Salt Lake City, Utah. On or about the said 12th day of December the plaintiff purchased from the defendant certain prepared foods, to wit, potato salad and other eatables for immediate table consumption. That such food was for immediate table use was known to the defendant at the time of sale. Shortly thereafter, at their noonday meal on the same day, plaintiff and other members of her family partook of such salad and other foods so purchased. During the afternoon and the days following the plaintiff became seriously sick and was confined to her bed as the result of eating the potato salad. While it is charged in the complaint that the defendant was guilty of negligence in the preparation of such food, that question was withdrawn from the jury by the court.

The defendant answered, denying generally the allegations of the complaint, but admitted that on the date in question the defendant was engaged in the business charged in the complaint. At the close of the case the defendant requested the court to instruct the jury that, where one sells food for immediate consumption, he must exercise due care in the preparation of the foods sold; that he was not an insurer of the quality of the food, and could be held liable only by reason of negligence. The court refused that instruction, and gave an instruction, in substance, charging the jury that where a dealer prepares food for sale for immediate consumption, he impliedly represents the same as wholesome and fit for human consumption, and that if they found that the dealer, defendant herein, sold foods as fresh to its customers which at the time were stale and defective, and injury resulted, the plaintiff would be entitled to recover.

The matter was thus submitted to the jury, and judgment rendered in favor of the plaintiff,. and from that judgment defendant appeals.

The refusal of the court to give the requested instructions and giving the instruction complained of are assigned as error. It will therefore be seen, as stated in respondent's brief, that the "only question of law involved in this appeal is as to whether or not a vendor of food for immediate consumption may only be held liable on proof of negligence." In other words, the plaintiff not having established that the defendant was guilty of negligence in the preparation of the potato salad, whether the fact alone that the salad was stale and not fit for human consumption would entitle the plaintiff to recover. There seems to be no question in the record but the eating of the salad caused the sickness of the plaintiff as well as other members of her family.

While the authorities are not uniform, and there does not seem to be any well-defined universal rule governing the liability of vendors in the sale of food of all kinds for human consumption, still I think it is fairly deducible from the adjudicated cases, where the facts are such as in the case at bar, that the vendor must be held liable when injury results from the consumption of such food. There is a well-defined line of cases that holds that retail dealers in selling canned goods for immediate use are not liable unless they can be charged with negligence in the purchase of such food, or with knowledge that the contents were unfit for human consumption. Those cases are determined upon the well-recognized fact that the dealer is not the manufacturer of the goods sold, and is not in a position to know the contents any better than the purchaser, neither the purchaser nor the vendor having had any opportunity to examine and know the condition of the goods contained in the cans sold. To that effect are the following authorities: *Tomilson* v. *Armour & Co.,* 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A. (N. S.) 923; *Julian* v. *Laubenberger,* 16 Misc. Rep. 646, 38 N. Y. Supp. 1055; *Mazetti et al.* v. *Armour & Co. et al.,* 75 Wash. 622, 135 Pac. 633, 48 L. R. A. (N. S.) 213, Ann. Cas. 1915C, 1400.

But, as indicated, the weight of authority is to the effect that in a case such as the one under consideration, where the seller has prepared the goods, and there is nothing in the appearance of the goods or the odor to indicate either to the seller or to the buyer that the combination is not fit for human consumption, the seller is liable. The opportunities and means of knowing the contents of the different ingredients that go to make up the salad, and the sources from which such ingredients are obtained, are exclusively in his possession and knowledge, and cannot in any way be known to the purchaser. True, the food was seen by the purchaser, plaintiff herein, as well as the defendant; but, as stated, there was nothing about its appearance to indicate its impurity. Not only was the means of knowing the impurity of the food within the knowledge of the compounder and seller of such food, but it seems that he ought to be charged with the responsibility for the injury resulting, for the reasons indicated. The Supreme Court of Illinois in *Wiedeman* v. *Keller*, 171 Ill. 93, 49 N. E. 211, says:

"As a general rule, we think the decided weight of authority in the United States is that, on all sales of meats or provisions for immediate domestic use by a retail dealer, there is an implied warranty of fitness and wholesomeness for consumption."

Mechem on Sales, par. 1356, vol. 2, while admitting that the question of implied warranty upon a sale of articles for food seems to be involved in some uncertainty, further states:

"It is, practically everywhere, agreed that, where a dealer or ordinary trader sells goods for immediate consumption by the buyer, an implied warranty arises that the goods are wholesome and fit for human food."

See, also, *Malone* v. *Jones*, 91 Kan. 815, 139 Pac. 387, L. R. A. 1915A, 328; *Bishop* v. *Weber*, 139 Mass. 417, 1 N. E. 154, 52 Am. Rep. 715; *Craft* v. *Parker, Webb & Co.*, 96 Mich. 245, 55 N. W. 812, 21 L. R. A. 139.

I have discussed this case upon the theory of an implied warranty applicable to the particular facts as they appear in this record. Questions of fraud, neglect, or knowledge of the impure condition of the food render the seller liable upon

a different principle or rule than the one upon which this case is determined.

It follows that there was no prejudicial error, and the judgment of the lower court is affirmed. Respondent to recover cost.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.