ENRIQUE MULIER, Respondent, v. CHILDS COMPANY, Appellant.

*Negligence — impure food — insufficient proof.*

Appeal from a determination of the Appellate Term, entered November 16, 1917, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, for $393 damages.

CLARKE, P. J.: Plaintiff sued for damages upon an implied warranty claiming that he had been served with unwholesome food by the defendant, which conducts a number of restaurants. Plaintiff, who was sixty-nine years of age, testified that on January 3, 1917, at about eleven-fifty A. M. he ordered a beefsteak pie in one of defendant's restaurants which he commenced to eat. When he had finished one-half of it he did not like the taste of it, as it did not taste good; as he expressed it, it had no taste at all. He called a waitress and ordered a bowl of rice, saying that the meat pie was no good. He ate the rice and had two cups of coffee. If his subsequent illness was due to unwholesome food prepared by the defendant

and sold to the plaintiff a cause of action was made out. As stated by Judge McLaughlin, writing the unanimous opinion of the Court of Appeals in *Race* v. *Krum* (222 N. Y. 410): " The general rule established by the weight of authority in the United States and England is that accompanying all sales by a retail dealer of articles of food for immediate use there is an implied warranty that the same is fit for human consumption." In the case at bar, however, we are of the opinion from a careful examination of the record that the evidence fails to show that the article of food furnished by the defendant was unwholesome and that no causal connection was established between it and plaintiff's subsequent illness. There is no evidence showing that the plaintiff suffered from ptomaine poisoning; he apparently suffered from an attack of jaundice. The medical evidence, taking into consideration the time elapsing between the eating of the pie and the development of the symptoms and the symptoms themselves demonstrate, we think, that the illness was not caused by the food eaten. We, therefore, are of the opinion that the evidence did not sustain the judgment and that the implied finding that the defendant furnished unwholesome and poisonous food should be reversed. The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs in all courts to the appellant. Laughlin, Dowling, Page and Shearn, JJ., concurred. Determination and judgment of Municipal Court reversed, with costs in this court and in the Appellate Term, and complaint dismissed, with costs.