## Heise *v.* Gillette et al.

[No. 12,186. Filed October 29, 1925.]

Food.—*Sale of food for immediate consumption accompanied by implied warranty that it is wholesome.*—Where food is ordered (at a restaurant) for immediate consumption and, in compliance with the order, food is served to the customer, there is a sale, with an implied warranty that it is wholesome and fit for the purpose, and if it proves to be unwholesome, the seller is liable for the resulting damage.

From Marion Superior Court (A 23,731); *Sidney S. Miller*, Judge.

Action by Dorothy Irene Gillette against George Heise and another. From a judgment for plaintiff against the named defendant, he appeals. *Affirmed.* By the court in banc.

*John W. Holtzman* and *John J. Kelly*, for appellant.
*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson* and *Donald F. LaFuze*, for named appellee.

NICHOLS, P. J.—Action by appellee Dorothy Irene Gillette to recover damages from appellant and from the William H. Block Company on account of having eaten a minced chicken sandwich at appellant's restaurant conducted in basement of the store of said Block company, which sandwich, she alleges, was unwholesome and caused her to become ill and sick with ptomaine poisoning. Appellant and his codefendant, the William H. Block Company, answered the complaint by general denial. There was a trial by the court, without a jury, and a finding and judgment was entered in appellee's favor and against appellant, assessing her damages at four hundred dollars and costs and judgment in favor of the Block company against appellee Gillette for costs.

The only error assigned by appellant is that the court erred in overruling his motion for a new trial.

It is averred in the complaint, so far as here involved, that on or about January 1, 1923, and for several years prior thereto, appellant was the owner, lessee, manager and operator of a certain restaurant and confectionery serving various foods, drinks and refreshments to the public, located in the basement of the department store of the Block company, in Indianapolis, Indiana. That on or about said date, appellee entered said restaurant and confectionery, and then and there purchased and paid for a certain minced chicken sandwich, which

she then and there ate. That said chicken sandwich was unwholesome, spoiled, decomposed, decayed, poisonous and unfit for food or for human consumption, in that it contained and was made up of certain poisonous and deleterious ingredients. That, by reason of appellee's eating said sandwich, she became seriously and violently sick and ill from ptomaine poisoning and was confined to her bed in great pain and suffering for more than a week, and was put to great expense for medical and physician's attention and services and medicine and fees, and was put to the expense and loss of a month's time from her position as a stenographer, by reason of all of which said appellee was damaged in the sum of $1,000.

Appellant's reasons for a new trial were that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law. It is appellant's contention that appellee, in order to recover, was bound to allege and prove negligence on the part of appellant, and he contends that she did neither, while appellee contends that the question of appellant's negligence is not involved, and relies upon an implied warranty which she says arises from the facts alleged and proved.

Appellant says that one serving food to be immediately consumed on the premises is neither an insurer of the fitness and wholesomeness of the food so served, nor liable upon an implied warranty; that there is no sale of the food served or furnished, and that the law of sales relating to implied warranties does not apply, citing authorities to sustain his contention. But we are not favorably impressed with appellant's contention, nor with the force of the authorities cited. Certainly, they can have no application to modern conditions and methods of service where, as here, the guest orders and pays for, at a stipulated price and has

delivered to her, such food as she desires. We see no reason why such a transaction does not constitute a sale, and why it is not accompanied by an implied warranty that the food sold is wholesome to eat, containing no deleterious substance. This seems to be in harmony with the great weight of modern authority. The general rule is thus stated in 35 Cyc 407: "It is, however, the general rule that where the sale is for immediate consumption there is an implied warranty that the food is wholesome and fit for the purpose, irrespective of the seller's knowledge of defects therein." Numerous authorities are cited to sustain the rule.

In *Parks* v. *Yost Pie Co.* (1914), 93 Kans. 334, 144 Pac. 202, L. R. A. 1915C 179, the court says: "A manufacturer or dealer who puts human food upon the market for sale or for immediate consumption does so upon an implied representation that it is wholesome for human consumption. Practically, he must know it is fit or take the consequences if it proves destructive."

In 40 L. R. A. (N. S.) 484, the author, in a note to the case of *Doyle* v. *Fuerst & Kraemer,* after reviewing numerous authorities, thus states the rule: "It will be noted from the foregoing that the vendor of food to be consumed by the purchaser is conclusively presumed to know the condition of the food he sells, and to represent to the purchaser that such food is wholesome. In other words, the representation that he is thus presumed to make to the purchaser is not merely that he has been careful in the selection, preparation, and preservation of the food, but that the food is, as a matter of fact, wholesome. When, therefore, the food proves to be unwholesome, the warranty is breached, and he is responsible." Other authorities to the same effect are: *Flessher* v. *Carstens Packing Co.* (1916), 93 Wash. 31, 160 Pac. 14; *Doyle* v. *Fuerst & Kraemer* (1911), 129 La. 838, 56 So. 906, Ann. Cas. 1913B 1110,

40 L. R. A. (N. S.) 480; *Friend* v. *Childs Dining Hall Co.* (1917), 231 Mass. 65, 120 N. E. 407, 5 A. L. R. 1100; *Muller* v. *Childs Co.* (1918), 171 N. Y. Supp. 541, 185 App. Div. 881; *Race* v. *Krum* (1918), 222 N. Y. 410, 118 N. E. 853, L. R. A. 1918F 1172; *Barrington* v. *Hotel Astor* (1918), 171 N. Y. Supp. 840, 184 App. Div. 317; *Kelley* v. *John Daily Co.* (1919), 56 Mont. 63, 181 Pac. 326; 26 C. J. 786.

Judgment affirmed.