PRINSEN, Appellant, vs. RUSSOS, Respondent.

*October 13—November 8, 1927.*

*Food: Rights of action of purchaser of unwholesome article: Implied warranties: Who may assert liability: Action in tort: Negligence: Question for jury.*

1. Where, without objection, a cause was submitted on the theory of the possible negligence of a restaurant owner in preparing ham for sandwiches, and in permitting it to be delivered in an unwholesome condition, resulting in plaintiff's illness, the action was one in tort.  p. 145.
2. To assert a right based upon a breach of warranty, express or implied, it is necessary that the required elements of a contract be present; and the Uniform Sales Law (sub. (1), sec. 121.15, Stats.), providing that where the seller knows of the particular purpose for which goods are required, and it appears that the buyer relies on the seller's skill and judgment, there is raised an implied warranty that the goods should be reasonably fit for such purpose, applies between buyer and seller only, and does not create a liability of the seller towards any person outside of such so defined and limited contractual relation,—the words "buyer" and "seller" connoting relationship and obligations created by contract as distinguished from obligations imposed by law.  p. 145.
3. Even if it be held that the Uniform Sales Act or the general common-law doctrine concerning the subject matter of sales applies to food sold for immediate consumption, there can be no liability arising out of the doctrine of implied warranty where an article of food was sold to and paid for by one person and eaten by another.  pp. 146, 148.
4. Whether the restaurant owner was negligent in handling and cooking the ham was a question for the jury.  p. 148.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge.  *Affirmed.*

The complaint alleged that defendant in August, 1925, conducted a restaurant in Madison.  That because of faulty care in handling and improper cooking of a ham made up by defendant into sandwiches, and because defendant negligently sold and delivered such sandwiches while in an in-

fected condition, plaintiff was injured from eating one of such. That such had been purchased for and in her behalf by her husband under the implied warranty by defendant that such sandwich was fit for human consumption. That such infected condition could have been avoided by the use by defendant of ordinary skill and care in the cooking of the ham.

The court charged the jury on the ground of negligence only, saying that the plaintiff to sustain her cause must prove—

(a) That the defendant sold or caused to be sold to the plaintiff or some member of her party for their consumption ham sandwiches infected with larvæ from which the disease of trichinosis is or may be developed, and that plaintiff, eating of such sandwiches, contracted the disease therefrom.

(b) That there was negligence and want of ordinary care by defendant in so selling such infected ham sandwiches; and

(c) That such negligence and want of ordinary care was the proximate cause of plaintiff's injury and damage.

Also that if plaintiff failed to satisfy them on any one of the said three propositions they must find for the defendant.

Plaintiff made no request to have the cause submitted on any different theory. There had been submitted to the trial court at the commencement of the trial a brief on her behalf setting out that under the complaint there were presented two grounds: first, an implied warranty of fitness of the food sold by the defendant; and secondly, negligence in the preparation of the food in question; and several authorities were cited as to the implied warranty.

The jury by general verdict found for the defendant and that the plaintiff had no cause of action.

After verdict plaintiff made a motion for a new trial on the ground, among others, that the court erred in not sub-

mitting to the jury the theory of an implied warranty of the sandwiches as wholesome and fit for human consumption and as was set forth in the brief above mentioned. Such motion being denied, judgment was entered dismissing the plaintiff's complaint with costs. Plaintiff appeals.

For the appellant there were briefs by *Martin & Kelley* of Fond du Lac, and oral argument by *J. L. Kelley*.

For the respondent there was a brief by *W. L. Woodward, Ralph E. Axley*, and *Schubring, Ryan, Clarke & Petersen*, all of Madison, and oral argument by *Mr. Axley*.

ESCHWEILER, J.   The evidence discloses that plaintiff, her husband, and their friends Mrs. and Miss Talbert, while on an automobile tour, entered defendant's restaurant. As they were leaving, their attention was attracted by a ham there displayed, and suggestion was made about obtaining some sandwiches with the ham to be consumed on their way. Plaintiff's husband declined to take any. Miss Talbert was somewhat insistent, and plaintiff then said that she, plaintiff, was not hungry but would not be the one to say not to have it or break up the party. Plaintiff's husband then offered to pay for the sandwiches, but Miss Talbert refused to permit that and made the purchase of three ham sandwiches. That the plaintiff, Mrs. and Miss Talbert ate of the sandwiches and later that same night all three became violently ill. The condition of plaintiff was much the severest and she suffered greatly and was ill for a long time thereafter.

Uncontradicted medical testimony disclosed that the plaintiff contracted the disease of trichinosis and that such could not have been from anything other than infected pork.

The testimony on behalf of defendant was to the effect that the ham in question was properly and thoroughly cooked, and it was undisputed that trichinæ-infected pork, when properly cooked or thoroughly subjected to 137 degrees Fahrenheit or more, will be sterilized and the parasites killed.

Prinsen v. Russos, 194 Wis. 142.

The case was submitted to the jury, without protest in that regard by the plaintiff, upon the theory of possible negligence by defendant in preparing the ham for human consumption and in permitting it to be delivered to the plaintiff and her party in an unwholesome condition. Upon such theory the action is one in tort.

The ground here asserted as a basis for recovery by plaintiff, conceding for the present that the question can be now entertained, is upon the theory that there was, by the sale of the sandwiches in question, an implied warranty by the defendant, as seller, that such were wholesome and fit for human consumption. This is contended for either upon general common-law doctrine or in reliance upon the Uniform Sales Law, sub. (1), sec. 121.15, Stats., providing that where the seller knows of the particular purpose for which goods are required and it appears the buyer relies upon the seller's skill and judgment, there is raised an implied warranty that the goods shall be reasonably fit for such purpose.

To assert a right, however, based upon a breach of warranty, express or implied, it is necessary that the required elements of a contract be present. The express language of the statute above cited and here invoked by plaintiff makes the rule there declared applicable as between *buyer* and *seller,* and manifestly is not intended to create a liability of the seller towards any person outside of such so defined and limited contractual relationship. The words "buyer" and "seller" connote a relationship and obligations created by contract, as distinguished from obligations imposed by law. Unless there be privity of contract the general rule is that there is no liability for a breach of the contract to outsiders. *Peterson v. Gales,* 191 Wis. 137, 142, 210 N. W. 407, so holding as to an abstract of title. So it is held in a line of cases, particularly applicable and controlling here, such as *Pelletier v. Dupont,* 124 Me. 269, 128 Atl. 186, 39 A. L. R.

972, a sale of bread in which was found a pin, the holding being that there can be no liability of the manufacturer to the remote consumer in such a situation; that there can be no implied warranty without privity of contract; and that warranties as to such personal property do not run with the article sold; and *Newhall v. Ward Baking Co.* 240 Mass. 434, 134 N. E. 625, where a piece of a nail was found in a loaf of bread purchased by the plaintiff from the retail dealer who purchased from defendant, the manufacturer, the court saying that as there was no contract between plaintiff and defendant there could be no liability based, on any implied warranty.    Page 436.

There is to be found a sharp conflict in the recent authorities on the proposition whether or not such provision of the Uniform Sales Law above quoted, or the general common-law doctrine concerning the subject matter of sales, applies to that which comes under the general name of food for immediate consumption, and we shall refer to but a few of such cases in view of the disposition made of this present case and which makes it unnecessary for us to now determine or declare which line of such authorities we shall adopt and follow.

In *Smith v. Gerrish,* 256 Mass. 183 (May, 1926), 152 N. E. 318, the plaintiff, who paid for the meal, was furnished with tainted cold-storage mackerel and the action was expressly brought for breach of an implied warranty, and it was held that the provision of the Uniform Sales Act, similar to our statute above quoted, applied, that service of food for immediate consumption on the premises is a sale and carries an implied warranty of fitness for consumption.    It was likewise so held in an action between a retailer and a wholesale dealer of milk and cream in *Graustein v. Wyman,* 250 Mass. 290, 296, 145 N. E. 450, and in *Barringer v. Ocean S. S. Co.* 240 Mass. 405, 134 N. E. 265, in which an action was brought on the contract between plaint-

iff, a passenger, and the defendant steamship company where he was made sick by diseased food served on the vessel.

In the oft cited case of *Friend v. Childs Dining Hall Co.* 231 Mass. 65, 70, 120 N. E. 407, 5 A. L. R. 1100, there is a full discussion of the subject, and it held that under the common law of England there was an implied condition of the contract that a guest should be furnished wholesome food by the proprietor of a public eating house. In *Temple v. Keeler,* 238 N. Y. 344, 144 N. E. 635, 35 A. L. R. 920, action was brought upon contract by a customer receiving and paying for food at a restaurant where unwholesome fish was served, and such a situation was held to be within the scope of such a statute and that there was a sale rather than service.

In *Heise v. Gillette,* 83 Ind. App. 551, 149 N. E. 182, there was a purchase and consumption by the plaintiff of a chicken sandwich containing unwholesome ingredients, and there it was also held that such was a sale and carried with it an implied warranty. So, also, in *Greenwood v. John R. Thompson Co.* 213 Ill. App. 371.

But the other view is taken in *Kenney v. Wong Len,* 81 N. H. 427, 128 Atl. 343 (January, 1925), an action brought to recover for sickness and nervous shock resulting from the plaintiff customer at defendant's restaurant being served with chicken, the dressing whereof was garnished with the corpse of a mouse, and it was held, after full·discussion of many authorities, that the relationship between restaurant keeper and customer is one of service and not of sale and there is therefore no implied warranty, and that recovery can be had in such situation only upon a showing of negligence. So, also, in *Nisky v. Childs Co.* (N. J., January, 1927) 135 Atl. 805, where a restaurant patron was made ill from being served with a tainted oyster, it was held that neither under the common-law doctrine nor by the Uniform Sales Act was there, as to such transaction, a sale or any

implied warranty, and that liability in such cases could be predicated upon negligence alone.

Under the testimony here there was no sale to plaintiff by defendant of the food in question.   There could, therefore, no liability arise on the doctrine of implied warranty in such a transaction if that doctrine were to be held the law here.

The case was properly submitted to the jury on the theory of negligence and in line with such negligence as that involving the sale of diseased sausage in *Haley v. Swift Co.* 152 Wis. 570, 140 N. W. 293, note in 17 A. L. R. p. 688, where privity of contract need not exist.   The jury having found against the plaintiff, no contention is made here that such finding can be properly overthrown.   The situation presented by the record here was one where it could not be said as a matter of law either that the defendant was or was not negligent.   It presented a case for the weighing by the jurors of the testimony on behalf of plaintiff tending to exclude all other possible sources of the infection which she received and that for the defendant as to due care and attention, and is similar to that in *Gracey v. Waldorf System, Inc.* 251 Mass. 76, 146 N. E. 232.   See, also, reported case and note in 47 A. L. R. 146, 148, where will be found an interesting collection of such cases involving the finding of foreign substances in food, including such as cockroaches, mice, centipedes, and suspender straps in beverages, a snake and a fragment of a human toe in chewing tobacco, etc.

*By the Court.*—Judgment affirmed.