**HARMON v. S. H. KRESS & CO.**

Civ. A. No. 3047.

District Court, S. D. Texas,
Houston Division.

June 30, 1948.

Russel A. Bonham and John G. Cramer, both of Houston, Tex., for plaintiff.

Vinson, Elkins, Weems & Francis and Thomas B. Weatherly, all of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit by plaintiff against defendant for damages for an injury alleged to have been sustained by her by reason of her purchasing and eating or attempting to eat food (meatballs and spaghetti) which contained pieces of glass, china, crockery, or some similar hard substance, at defendant's lunch counter in defendant's store in Houston, in this District and Division. In her original pleadings, she charged that defendant was negligent in several ways respecting such food and also that defendant impliedly warranted such food to be fit for human consumption. In her Amended Complaint, on which the case was tried, she stands wholly upon the claim that such food was impliedly warranted by defendant.

Defendant answered that it was in no way negligent, pleaded contributory negligence on the part of plaintiff, and unavoidable accident.

The parties stipulated as follows:

"It is agreed by and between the parties hereto that the defendant S. H. Kress & Company is a corporation duly incorporated and they operate the store located at 701 Main Street, Houston, Texas, where they operate a lunch counter for the purpose of serving lunches and food, for compensation, to its customers.

"It is agreed that on September 3, 1947, the plaintiff, Mrs. Francis Harmon, was an invitee of defendant, S. H. Kress & Company and did on said date order certain food at the lunch counter of defendant, S. H. Kress & Company.

"That the food so ordered by the plaintiff herein was food which was offered for sale to the plaintiff herein and other customers of defendant herein for compensation and was represented as being food fit for human consumption."

The case was submitted to the Jury under Federal Rules of Civil Procedure, rule 49(a), 28 U.S.C.A. following, section 723c, and both parties have moved for Judgment on the Verdict. The Verdict is as follows:

"*Question No. One:*

"(a) Did Plaintiff Mrs. Frances Harmon, on or about *September 3, 1947,* purchase or order from Defendant S. H. Kress & Company at Defendant's Lunch Counter in their store in Houston, Texas, a lunch consisting of meatballs and spaghetti?
"*Answer:* Yes.

"(b) If so, did such lunch contain particles of glass, china, crockery, or other hard particles at the time it was sold to Plaintiff by Defendant?
"*Answer:* Yes.

"(c) If so, was such lunch, because of such particles therein, unwholesome and unfit for human consumption?
"*Answer:* Yes.

"(d) Did Plaintiff take such lunch or a part thereof into her mouth and chew same?
"*Answer:* Yes.

"(e) If so, was she injured as a result of taking same into her mouth and chewing same?
"*Answer:* Yes.

"(f) If she was injured by taking such particles into her mouth and chewing same, did she suffer damages by reason of such injury?
"*Answer:* Yes.

"(g) If so, find the amount of such damages.
"*Answer:* One Thousand ($1000.00) Dollars.

"(h) Did Plaintiff, in taking such lunch or a part thereof into her mouth and chewing same, exercise the care that an ordinary prudent person would have exercised under the same or similar circumstances?
"*Answer:* Yes.

"(i) If not, was her failure to exercise the care an ordinary prudent person would have exercised under the same or similar circumstances the *sole* and *only* proximate cause of her injury?
"*Answer:* No.

"(j) Was the same a *contributing* proximate cause of her injury?
"*Answer:* Yes.

"*Question No. Two:*

"If you find that Plaintiff Mrs. Frances Harmon, on or about September 3, 1947, purchased or ordered from Defendant S. H. Kress & Company at Defendant's Lunch Counter in their store in Houston, Texas, a lunch consisting of meatballs and spaghetti, and that said lunch at the time it was sold by Defendant to Plaintiff contained particles of glass, china, crockery, or other hard particles, and that Plaintiff took such lunch or a part thereof into her mouth and chewed same and was injured, *was same an unavoidable accident?*
"*Answer:* Yes."

1:— The question for decision is well stated in the First Proposition in plaintiff's Brief, as follows (italics mine):

"Plaintiff herein having sought a recovery from the Defendant solely upon the grounds that she purchased an order of meatballs and spaghetti from the Defendant on September 3, 1947, and that it contained particles of glass, china or crockery in it which injured her when she bit down upon it, and the evidence having sustained her said claim, and the jury having found in her favor on such claim, she is entitled to recover the $1,000.00 damages, legal

954

interest thereupon, and costs of court, (as found by the jury) against the defendant *because of its breach of an implied warranty that such food was fit for human consumption* (since she sought no recovery because of any negligence upon the part of the Defendant, and no issues of negligence were involved in this suit)."

The case turns upon whether under Texas Law there is an implied warranty of fitness and quality of food by one who, as in this case, *prepares, sells, and serves food to a customer to be consumed on the premises.*

 Defendant cites Woolworth Co. v. Wilson, 5 Cir., 74 F.2d 439, 98 A.L.R. 681. In that case, the Circuit Court of Appeals of this (Fifth) Circuit, exercising its then right so to do under Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, refused to follow Kress & Co. v. Ferguson, Tex.Civ.App., 60 S.W.2d 817, and declared the law of Texas to be that in such a case, there is no such warranty. The decision in Woolworth Co. v. Wilson, supra, would, of course, settle this case but for Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177, 61 S.Ct. 176, 85 L.Ed. 109; Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 208, 58 S.Ct. 860, 82 L.Ed. 1290; Stoner v. New York Life Insurance Co., 311 U.S. 464, 467, 61 S.Ct. 336, 85 L.Ed. 284; Klaxon Co. v. Stentor Electric Mfg. Co, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477. Under the Erie case and those which follow, it is now the duty of this Court to ascertain and apply here the law of Texas as declared by the Courts of Texas.

So far as I have been able to find, the Supreme Court of Texas has not passed upon the identical question which we have here of whether one who sells food to be consumed on the premises where sold is or is not an implied warrantor that such food is fit for human consumption. The cases of Decker & Sons v. Capps and Griggs Canning Co. v. Josey, by the Supreme Court of Texas, reported in 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479 and 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424, and which plaintiff presses upon me, are not

cases identical with this. In the Decker case, Decker was the manufacturer of sausage which was sold to a retail merchant and by him sold to Capps, causing injury when consumed by Capps and his family. In the Griggs case, Josey's wife purchased a can of spinach from Ocon, a retail merchant. Ocon had purchased it from Griggs. It was not purchased by Mrs. Josey to be consumed on the premises where purchased.

Kress & Co. v. Ferguson, supra, which the Circuit Court of Appeals in Woolworth Co. v. Wilson refused to follow, is directly in point. It is substantially identical with this case, both in the facts and in the stipulations made.

I think I must now follow Kress & Co. v. Ferguson.

Judgment will be rendered for plaintiff for the amount of damages found for her by the jury.